UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVAN CHEKHOVSKII,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

Case No. C26-3009-RSM

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Ivan Chekhovskii's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1.

The following facts are taken from the Petition and a declaration of an ICE officer. *See* Dkts. #1 and #6. Petitioner is a native Kazakhstan and citizen of Russia. On June 3, 2024, Petitioner applied for admission at the Calexico, California Port of Entry, as an occupant of a vehicle. He presented a Russian passport and requested asylum to Border Patrol. He was taken into custody, where he has remained since.

On June 11, 2024, United Sates Citizenship and Immigration Service ("USCIS") conducted Petitioner's Credible Fear Interview. On March 10, 2025, an Immigration Judge ("IJ") in Tacoma Immigration Court denied Petitioner's applications for Asylum, Withholding of Removal and Deferral of Removal under the Convention Against Torture and ordered him

removed to Russia. Petitioner's application for voluntary departure was also denied.

Petitioner has been stuck in appeals from that date—18 months. He has been detained for a total of 27 months.

Mixed in with these appeals have been habeas petitions, the first filed on December 12, 2025. On February 9, 2026, the District Court granted Petitioner's first habeas petition, requiring that he be provided a bond hearing. *See* Case No. 2:25-cv-02550-TLF. That bond hearing occurred on February 12, 2026. The IJ denied bond, finding DHS had met the burden to show Petitioner is a flight risk. Petitioner's appeal of that decision to the BIA remains pending.

On May 29, 2026, Petitioner filed his second habeas petition. *See* Case No. 2:26−cv−01849−SKV. On July 6, 2026, the Court denied Petitioner's second habeas petition.

The Ninth Circuit has entered a stay of removal pending appeal. Petitioner remains detained at the NWIPC.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Petitioner requests immediate release.

The Court has already ruled that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1), and the parties accept this ruling. *See* Dkt. #1 at 10; Dkt. #5 at 5. Neither the

Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention for noncitizens detained pursuant to 8 U.S.C. § 1225. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). However, "nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Maliwat v. Scott*, No. C25-788, 2025 U.S. Dist. LEXIS 152663, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (citation modified) (quoting *Banda*, 385 F. Supp. 3d at 1116); *see also Toktosunov v. Wamsley*, No. C25-1724, 2025 U.S. Dist. LEXIS 252150, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) (collecting cases).

In assessing the constitutionality of prolonged mandatory detention, the court in *Banda* declined to apply the test established in *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), because balancing the *Mathews* factors does "not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided" and was "not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1106-07 (citation modified). Here, however, Petitioner has received a bond hearing and was found to be a flight risk. Respondents argue that the Court should apply the three-factor test in *Mathews v. Eldridge*. The Court agrees.

Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The Court has considered each *Mathews* factor in turn to determine whether Petitioner's continued detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025).

Considering the entire record, the Court finds that the requested relief is not warranted under the above law. Petitioner has received a bond hearing and been denied bond after receiving due process ordered by this Court. Nothing in the record shows a violation of due process.

Petitioner urges the Court to review his continued detention under *Banda.* The Court in *Banda* conducted a case-specific analysis considering the following factors: (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id.* at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)). Courts in this District have now adopted the "*Banda* test" to assess when detention without a bond hearing under 8 U.S.C. § 1225(b) has become unjustifiably prolonged and thus violative of due process. *See, e.g., Maliwat*, 2025 U.S. Dist. LEXIS 152663, 2025 WL 2256711, at *3-4. Arguably, Petitioner is contesting his continued prolonged detention after his most recent bond hearing.

The Court has alternatively examined the facts of this case under the *Banda* factors and finds that the requested relief is not warranted. The total length of detention, approximately 27

months, clearly favors Petitioner. On the other hand, he has only been detained seven months since his February 2026 bond hearing. The likely duration of future detention is short relative to what has already occurred in the sense that Petitioner has exhausted nearly every procedural basis to avoid removal. The conditions of detention factor is neutral. Neither party has caused a delay in removal proceedings, other than Petitioner exercising appellate rights provided by Congress. The final factor favors Respondents as Petitioner has given the Court no reason to believe removal proceedings will not result in a final order of removal.

Petitioner entered this country in 2024 and was immediately detained. He used every chance to appeal, necessitating his continued detention. At no point has he explained to the Court—through counsel or otherwise—why he will succeed in his efforts to avoid removal. Although the total length of detention is quite high in this case, it is nearing the final procedural step before removal.

Accordingly, having considered the instant Petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED. This case is CLOSED.

DATED this 14th day of September, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE